IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF OREGON
EUGENE DIVISION

ANTHONY COX,

    Plaintiff,

-against-

EXPERIAN INFORMATION SOLUTIONS, INC., EQUIFAX INFORMATION SERVICES, LLC, and TRANS UNION, LLC,

    Defendants.

Civil Case No.:

<u>CIVIL ACTION</u>

COMPLAINT
and
JURY TRIAL DEMAND

## INTRODUCTION

1. Identity theft has become one of the fastest growing white-collar crimes in the United States.[1] Millions of Americans fall victim to this crime each year, often spending countless hours attempting to undo the damage to their credit reports.[2]

2. As a result of this growing problem, Congress amended the Fair Credit Reporting Act in 2003 ("FCRA," 15 U.S.C. 1681 *et seq.*) to increase protection for victims of identity theft.[3] These regulations require "consumer reporting agencies" ("CRAs") such as Equifax, Experian and TransUnion to block information in a consumer's credit

---

[1] *See, Sloane v. Equifax Info. Servs., LLC*, 510 F.3d 495, 505 (4th Cir. 2007).
[2] Victimization surveys conducted by Synovate for the Federal Trade Commission estimate that, between 1998 and 2003, approximately 27.3 million adults discovered they were the victims of identity theft, with 9.91 million adults discovering they were victims in 2003 alone. *See,* Graeme R. Newman & Megan M. NcNally, *Identity Theft Literature Review* 14 (2005), http://www.ncjrs.gov/pdffiles1/nij/grants/210459.pdf (citing Synovate, Federal Trade Commission—Identity Theft Survey Report 7, 12 (2003), http:// www.ftc.gov/os/2003/09/synovatereport.pdf).
[3] *See*, Pub.L. 108–159 (December 4, 2003)

---

COMPLAINT
-1-

report if that information resulted from identity theft. The CRA must do so within four business days of receiving certain documentation of the identity theft. 15 U.S.C. § 1681c–2(a). That documentation includes: proof of the consumer's identity; a copy of "an identity theft report"; identification of what information should be blocked; and the consumer's statement that the disputed information does not relate to any transaction that she made. *Id.* Once a CRA receives the necessary information and places the block, it must inform the "furnisher" of the blocked information. 15 U.S.C. § 1681c–2(b).

3. Anthony Cox, the Plaintiff in this case, has been the unfortunate victim of identity theft. Specifically, while trying to obtain credit, the Plaintiff discovered twenty-seven negative accounts fraudulently opened in his name, along with five unfamiliar addresses, three alias names, and eighteen hard inquiries on his credit reports.

4. Rather than working with Mr. Cox to rectify this unfortunate situation, Equifax, Experian, Transunion (collectively the "CRA Defendants" or "Defendants") refused to remove the fraudulent accounts and inaccurate information from his credit report, despite the Plaintiff specifically disputing this fraudulent information.

5. Plaintiff thus brings this action under the Fair Credit Reporting Act, 15 U.S.C. § 1681, *et seq*. (the "FCRA") alleging that Defendants have negligently and recklessly disseminated false, incomplete and misleading information regarding the Plaintiff's credit, namely by failing to conduct an adequate investigation of the Plaintiff's disputes, particularly after the Plaintiff mailed letters to Defendants specifically advising them of this issue and submitting the necessary supporting documentation.

6. Plaintiff further alleges that Experian, Equifax, and Transunion failed to follow reasonable procedures to ensure maximum accuracy of credit reports they prepared

concerning Plaintiff, as required under 15 U.S.C. § 1681e(b), and failed to investigate credit report inaccuracies in response to Plaintiff's disputes under § 1681i.

7. Additionally, Experian, Equifax, and Transunion have failed to follow the most basic requirements of the FCRA, which require blocking the fraudulent information within four days of being provided the necessary documents. See 15 U.S.C. § 1681c-2(a).

8. Plaintiff seeks statutory, actual, and punitive damages, along with injunctive and declaratory relief, and attorneys' fees and costs.

## JURISDICTION

9. The Court has jurisdiction of this matter under 28 U.S.C. § 1331 and 15 U.S.C. § 1681p. All defendants regularly conduct business within the state of Oregon and violated Plaintiff's rights under the FCRA in the state of Oregon as alleged more fully below.

10. Venue is proper this district under 28 U.S.C. 1391(b) because Plaintiff resides in this district, Defendants conduct business in this district, and communications giving rise to this action occurred in this district.

## PARTIES

11. Plaintiff, Anthony Cox ("Plaintiff"), is a resident of Salem, Oregon, and is a "consumer" as that term is defined by 15 U.S.C. § 1681a(c).

12. Defendant Experian Information Solutions, Inc. is one of the largest credit reporting agencies in the United States, and is engaged in the business of assembling and disseminating credit reports concerning hundreds of millions of consumers. Experian is a "consumer reporting agency" as defined by 15 U.S.C. § 1681a(f) of the FCRA, and is regularly engaged in the business of assembling, evaluating, and dispersing information concerning consumers for the purpose of furnishing consumer reports, as defined in 15

U.S.C. § 1681a(d)(1) of the FCRA, to third parties.

13. Experian Information Solutions, Inc. is a corporation incorporated in the State of Florida, with its principal place of business located in Costa Mesa, California.

14. Defendant Equifax Information Services, LLC ("Equifax") is one of the largest credit reporting agencies in the United States, and is engaged in the business of assembling and disseminating credit reports concerning hundreds of millions of consumers. Equifax is a "consumer reporting agency" as defined by 15 U.S.C. § 1681a(f) of the FCRA, and is regularly engaged in the business of assembling, evaluating, and dispersing information concerning consumers for the purpose of furnishing consumer reports, as defined in 15 U.S.C. § 1681a(d)(1) of the FCRA, to third parties.

15. Equifax is a limited liability company with its principal place of business at 1550 Peachtree Street & One Atlantic Center, Atlanta, Georgia.

16. Defendant TransUnion, LLC ("TransUnion") is one of the largest credit reporting agencies in the United States, and is engaged in the business of assembling and disseminating credit reports concerning hundreds of millions of consumers. TransUnion is a "consumer reporting agency" as defined by 15 U.S.C. § 1681a(f) of the FCRA, and is regularly engaged in the business of assembling, evaluating, and dispersing information concerning consumers for the purpose of furnishing consumer reports, as defined in 15 U.S.C. § 1681a(d)(1) of the FCRA, to third parties.

17. TransUnion is a limited liability company with its principal place of business at 555 W. Adams Street, Chicago, IL 60661.

## FACTUAL ALLEGATIONS

18. In April 2023, the Plaintiff reviewed his credit reports after being denied credit.

19. At that time, the Plaintiff discovered 27 negative accounts fraudulently opened in his

name, along with 5 unfamiliar addresses, 3 alias names, and 18 hard inquiries.

20. Plaintiff accordingly completed and submitted a sworn FTC Identity Theft Affidavit, listing this fraudulent information which was not his.

21. On or about February 26, 2025, the Plaintiff then tried disputing these accounts with Equifax, Experian and Transunion via written letters.

22. In those disputes, the Plaintiff clearly advised Equifax, Transunion, and Experian that he was the victim of Identity Theft and that this information should be removed and blocked.

23. With those disputes, the Plaintiff included copies of the sworn FTC Identity Theft Affidavit, along with his photo ID and proof of address.

24. Despite Plaintiff's dispute, Experian refused or otherwise failed to block, remove or correct the inaccurate and fraudulent Capital One, Upgrade, Webbank, LVNV Funding, Acima, TBOM, and Affirm Acima account information.

25. Experian also refused or otherwise failed to block, remove or correct an inaccurate and unfamiliar address, a fraudulent inquiry, and one alias name on Plaintiff's credit report.

26. Similarly, despite Plaintiff's dispute, Equifax refused or otherwise failed to block, remove or correct the inaccurate and fraudulent Capital One, Upgrade, Webbank, and LVNV Funding account information.

27. Despite Plaintiff's dispute, Transunion refused or otherwise failed to block, remove or correct the inaccurate and fraudulent Capital One, Upgrade, and Webbank account information.

28. Transunion also refused or otherwise failed to block, remove or correct an inaccurate and unfamiliar address, three fraudulent inquiries, and two alias names on Plaintiff's credit report.

29. At all times pertinent hereto, Defendants' conduct was willful, and carried out in reckless disregard for a consumer's rights as set forth under section 1681s, 1681c and 1681i of the FCRA.

30. As a direct and proximate result of the Defendants' violations of the FCRA, Plaintiff has been harmed in his daily life, by the impact that this derogatory information has had on his credit score, his ability to secure credit, and his willingness to apply for credit while these inaccurate and fraudulent accounts appear on his credit file, thereby negatively portraying the Plaintiff's creditworthiness.

31. Defendants' violations of the FCRA further caused the Plaintiff great distress, annoyance and frustration in his daily life, which he should not have to deal with, and subjected the Plaintiff to abusive credit reporting and collection practices which Plaintiff had a substantive right to be free from.

### COUNT I
### VIOLATIONS OF THE FAIR CREDIT REPORTING ACT
### 15 U.S.C. § 1681i
### AGAINST EXPERIAN

32. All preceding paragraphs are realleged.

33. At all times pertinent hereto, Experian was a "consumer reporting agency" ("CRA") as that term is defined by 15 U.S.C. § 1681a(c).

34. The FCRA provides that if a CRA conducts an investigation of disputed information and confirms that the information is, in fact, inaccurate, or is unable to verify the accuracy of the disputed information, the CRA is required to delete that information from the consumer's file. *See* 15 U.S.C. § 1681i(a)(5)(A).

35. On or about February 26, 2025, Plaintiff initiated a dispute with Experian requesting that they correct and remove the fraudulent and inaccurate information from his credit file that

was patently inaccurate and damaging to him.

36. Experian, having either conducted no investigation or failing to conduct a reasonable investigation, verified as 'accurate' the fraudulent Capital One, Upgrade, Webbank, LVNV Funding, Acima, TBOM, and Affirm accounts on Plaintiff's credit file, as well as the inaccurate and unfamiliar address, inquiry, and alias name on Plaintiff's credit file, despite having all of the information necessary to correct the inaccurate reporting of this information.

37. As a direct and proximate result of Experian's willful and/or negligent refusal to conduct a reasonable investigation as mandated by the FCRA, Plaintiff has been harmed.

## COUNT II
## FAILURE TO ASSURE MAXIMUM POSSIBLE ACCURACY
## 15 U.S.C. § 1681e(b)
## AGAINST EXPERIAN

38. All preceding paragraphs are realleged.

39. Section 1681e(b) of the FCRA requires that, "Whenever a consumer reporting agency prepares a consumer report it shall follow reasonable procedures to assure maximum possible accuracy of the information concerning the individual about whom the report relates."

40. Were Experian to follow procedures to assure maximum possible accuracy of the credit report it prepares concerning Plaintiff, it would have removed the inaccurate and fraudulent Capital One, Upgrade, Webbank, LVNV Funding, Acima, TBOM, and Affirm accounts and the other fraudulent information from the Plaintiff's credit report, especially after the Plaintiff (1) disputed this account with Experian, and (2) provided Experian with the required Identity Theft Affidavit.

41. As a direct and proximate result of Experian's willful and/or negligent failure to follow

procedures to assure maximum possible accuracy of the information it reports, Plaintiff has been harmed.

### COUNT III
### VIOLATIONS OF THE FAIR CREDIT REPORTING ACT
### 15 U.S.C. § 1681c-2
### AGAINST EXPERIAN

42. All preceding paragraphs are realleged.

43. On or about February 26, 2025, Plaintiff initiated a dispute with Equifax requesting that they correct and remove the Capital One, Upgrade, Webbank, LVNV Funding, Acima, TBOM, and Affirm accounts, as these accounts were fraudulently opened by an individual other than the Plaintiff.

44. In this dispute, Plaintiff also requested that Experian correct and remove the other fraudulent and inaccurate information from his credit file that was patently inaccurate and damaging to him.

45. In support of this dispute, the Plaintiff included a copy of his sworn FTC Identity Theft Affidavit, along with his photo ID and proof of address.

46. Experian refused to acknowledge that it had different obligations under such circumstances than those triggered by a standard dispute.

47. As such, instead of following the law and blocking the fraudulent information on the Plaintiff's credit report within four days of receiving the dispute, Experian continued to report some of this fraudulent information, including the unauthorized inquiry.

48. As a direct and proximate result of Experian's willful and/or negligent refusal to block this fraudulent information, as mandated by the FCRA, Plaintiff has been harmed.

### COUNT IV
### VIOLATIONS OF THE FAIR CREDIT REPORTING ACT
### 15 U.S.C. § 1681i

## AGAINST EQUIFAX

49. All preceding paragraphs are realleged.

50. At all times pertinent hereto, Equifax was a "consumer reporting agency" ("CRA") as that term is defined by 15 U.S.C. § 1681a(c).

51. The FCRA provides that if a CRA conducts an investigation of disputed information and confirms that the information is, in fact, inaccurate, or is unable to verify the accuracy of the disputed information, the CRA is required to delete that information from the consumer's file. *See* 15 U.S.C. § 1681i(a)(5)(A).

52. On or about February 26, 2025, Plaintiff initiated disputes with Equifax requesting that they correct and remove the fraudulent and inaccurate information from his credit file that was patently inaccurate and damaging to him.

53. Equifax, having either conducted no investigation or failing to conduct a reasonable investigation, verified as 'accurate' the fraudulent Capital One, Upgrade, Webbank, and LVNV Funding accounts on Plaintiff's credit file, despite having all of the information necessary to correct the inaccurate reporting of this account.

54. As a direct and proximate result of Equifax's willful and/or negligent refusal to conduct a reasonable investigation as mandated by the FCRA, Plaintiff has been harmed.

## COUNT V
## FAILURE TO ASSURE MAXIMUM POSSIBLE ACCURACY
## 15 U.S.C. § 1681e(b)
## AGAINST EQUIFAX

55. All preceding paragraphs are realleged.

56. Section 1681e(b) of the FCRA requires that, "Whenever a consumer reporting agency prepares a consumer report it shall follow reasonable procedures to assure maximum possible accuracy of the information concerning the individual about whom the report

relates."

57. Were Equifax to follow procedures to assure maximum possible accuracy of the credit report it prepares concerning Plaintiff, it would have removed the inaccurate and fraudulent Capital One, Upgrade, Webbank, and LVNV Funding accounts from the Plaintiff's credit report, especially after the Plaintiff (1) disputed this account with Equifax and (2) provided Equifax with the required Identity Theft Affidavit.

58. Furthermore, were Equifax to follow procedures to assure maximum possible accuracy of the credit report it prepares concerning Plaintiff, it would have prevented the erroneous information from being reported on the Plaintiff's credit report, especially after the Plaintiff provided Equifax with the information reflecting that this information was inaccurate.

59. As a direct and proximate result of Equifax's willful and/or negligent failure to follow procedures to assure maximum possible accuracy of the information it reports, Plaintiff has been harmed.

## COUNT VI
## VIOLATIONS OF THE FAIR CREDIT REPORTING ACT
## 15 U.S.C. § 1681c-2
## AGAINST EQUIFAX

60. All preceding paragraphs are realleged.

61. On or about February 26, 2025, Plaintiff initiated a dispute with Equifax requesting that they correct and remove the Capital One, Upgrade, Webbank, and LVNV Funding accounts, as these accounts were fraudulently opened by an individual other than the Plaintiff.

62. In support of this dispute, the Plaintiff included a copy of his sworn FTC Identity Theft Affidavit, along with his photo ID and proof of address.

63. Equifax refused to acknowledge that it had different obligations under such circumstances

than those triggered by a standard dispute.

64. As such, instead of following the law and blocking the fraudulent information on the Plaintiff's credit report within four days of receiving the dispute, Equifax continued to report some of this fraudulent information, including the unauthorized inquiry.

65. As a direct and proximate result of Equifax's willful and/or negligent refusal to block this fraudulent information, as mandated by the FCRA, Plaintiff has been harmed.

## COUNT VII
## VIOLATIONS OF THE FAIR CREDIT REPORTING ACT
## 15 U.S.C. § 1681i
## AGAINST TRANSUNION

66. All preceding paragraphs are realleged.

67. At all times pertinent hereto, Transunion was a "consumer reporting agency" ("CRA") as that term is defined by 15 U.S.C. § 1681a(c).

68. The FCRA provides that if a CRA conducts an investigation of disputed information and confirms that the information is, in fact, inaccurate, or is unable to verify the accuracy of the disputed information, the CRA is required to delete that information from the consumer's file. *See* 15 U.S.C. § 1681i(a)(5)(A).

69. On or about February 26, 2025, Plaintiff initiated disputes with Transunion requesting that they correct and remove the fraudulent and inaccurate information from his credit file that was patently inaccurate and damaging to him.

70. Transunion, having either conducted no investigation or failing to conduct a reasonable investigation, verified as 'accurate' the fraudulent Capital One, Upgrade, and Webbank accounts on Plaintiff's credit file, as well as the inaccurate and fraudulent address, three fraudulent inquiries, and two fraudulent names on Plaintiff's credit file, despite having all of the information necessary to correct the inaccurate reporting of these accounts.

71. As a direct and proximate result of Transunion's willful and/or negligent refusal to conduct a reasonable investigation as mandated by the FCRA, Plaintiff has been harmed.

## COUNT VIII
### FAILURE TO ASSURE MAXIMUM POSSIBLE ACCURACY
### 15 U.S.C. § 1681e(b)
### AGAINST TRANSUNION

72. All preceding paragraphs are realleged.

73. Section 1681e(b) of the FCRA requires that, "Whenever a consumer reporting agency prepares a consumer report it shall follow reasonable procedures to assure maximum possible accuracy of the information concerning the individual about whom the report relates."

74. Were Transunion to follow procedures to assure maximum possible accuracy of the credit report it prepares concerning Plaintiff, it would have removed the inaccurate and fraudulent Capital One, Upgrade, and Webbank account and the additional fraudulent information from the Plaintiff's credit report, especially after the Plaintiff (1) disputed this account with Transunion, and (2) provided Transunion with the required Identity Theft Affidavit.

75. Furthermore, were Transunion to follow procedures to assure maximum possible accuracy of the credit report it prepares concerning Plaintiff, it would have prevented the erroneous information from being reported on the Plaintiff's credit report, especially after the Plaintiff provided Transunion with the information reflecting that this information was inaccurate.

76. As a direct and proximate result of Transunion's willful and/or negligent failure to follow procedures to assure maximum possible accuracy of the information it reports, Plaintiff has been harmed.

## COUNT IX
### VIOLATIONS OF THE FAIR CREDIT REPORTING ACT
### 15 U.S.C. § 1681c-2
### AGAINST TRANSUNION

77. All preceding paragraphs are realleged.

78. On or about February 26, 2025, Plaintiff initiated a dispute with Transunion requesting that they correct and remove the Capital One, Upgrade, and Webbank accounts, as these accounts were fraudulently opened by an individual other than the Plaintiff.

79. In this dispute, Plaintiff also requested that Transunion correct and remove the inaccurate and fraudulent address, three fraudulent inquiries, and two fraudulent names on Plaintiff's credit report.

80. In support of this dispute, the Plaintiff included a copy of his sworn FTC Identity Theft Affidavit, along with his photo ID and proof of address.

81. Transunion refused to acknowledge that it had different obligations under such circumstances than those triggered by a standard dispute.

82. As such, instead of following the law and blocking the fraudulent information on the Plaintiff's credit report within four days of receiving the dispute, Transunion continued to report some of this fraudulent information, including the unauthorized inquiry.

83. As a direct and proximate result of Transunion's willful and/or negligent refusal to block this fraudulent information, as mandated by the FCRA, Plaintiff has been harmed.

## DEMAND FOR TRIAL BY JURY

84. Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff hereby requests a trial by jury on all issues so triable.

## PRAYER FOR RELIEF

**WHEREFORE,** Plaintiff demands judgment against Defendants as follows:

A. Awarding Plaintiff actual damages;

B. Awarding Plaintiff statutory damages;

C. Awarding Plaintiff punitive damages;

D. Awarding Plaintiff the costs of this action and reasonable attorneys' fees and expenses;

E. Awarding pre-judgment interest and post-judgment interest;

F. A declaration that Defendants' conduct alleged herein is unlawful, as set forth more fully above;

G. Equitable relief, enjoining Defendants from engaging in the unjust and unlawful conduct alleged herein; and

H. Awarding Plaintiff such other and further relief as this Court may deem just and proper.

Dated: October 7, 2025

                                              Respectfully submitted,

/s/ Dawn M. McCraw
Dawn M. McCraw, Esq. (OR# 192645)
CONSUMER JUSTICE LAW FIRM
8095 N. 85th Way
Scottsdale, AZ 85258
T: (602) 807-1527
Fax: (718) 715-1750
Email: dmccraw@consumerjustice.com
Attorneys for Plaintiff